UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| BOBBY'S COUNTRY COOKIN' LLC, ET AL. | : | DOCKET NO. 19-cv-552 |
|---|---|---|
| VERSUS | : | JUDGE DOUGHTY |
| WAITR HOLDINGS, INC. | : | MAGISTRATE JUDGE KAY |

## MEMORANDUM RULING

Before the court is a Motion to Strike filed by defendant Waitr Holdings, Inc. (hereafter "Waitr"). Doc. 33. Through this motion Waitr asks us to strike the First Amended Class Action Complaint [doc. 30] from the record. The motion is opposed by plaintiffs Bobby's Country Cookin', LLC, Casa Manana, Inc., Que Pasa Taqueria, LLC, and Casa Tu Sulphur, LLC (hereinafter collectively referred to as "plaintiffs").

For the reasons stated below, the Motion to Strike will be **GRANTED**.

### I.
#### BACKGROUND

Waitr operates an online food order and delivery platform. Doc. 15, att. 1, p. 5. It contracts with "Restaurant Partners" to be part of its network of restaurants and posts their menus so restaurant customers can use a phone or computer to order food. *Id.* Waitr drivers pick up the order from the Restaurant Partners and deliver it to the customer. *Id.* In exchange for this service, Waitr collects, *inter alia*, a fixed percentage of the revenue from each order. *See Id.* at att. 2. In July 2017, Bobby's Country Cookin' LLC (hereafter "Bobby's") entered into an agreement with Waitr to become one of its Restaurant Partners. *Id.*; Doc. 1, p. 4. Under the terms of its initial

agreement, Bobby's agreed to pay Waitr a ten percent (10%) service fee for each order Bobby's costumers placed through the Waitr platform. Bobby's alleges that, in 2018, Waitr violated the express terms of this agreement by "unilaterally" increasing the service fee to fifteen percent (15%). Doc. 1, p. 1.

On April 30, 2019, Bobby's filed a Class Action Complaint against Waitr alleging breach of contract, violation of the duty of good faith and fair dealing, and unjust enrichment. Doc. 1. On July 22, 2019, Waitr filed a Motion to Dismiss pursuant to Rule 12(b)(6) alleging Bobby's failed to state a claim against it. Doc. 15. Bobby's did not file an opposition brief, however on August 12, 2019, plaintiffs filed a First Amended Class Action Complaint. Doc. 30. Waitr filed the motion to strike currently before the court arguing plaintiffs were required to obtain leave of the court before filing the First Amended Class Action Complaint. Doc. 33.

## II.
## LAW & ANALYSIS

Waitr argues the First Amended Class Action Complaint should be stricken because it is a *supplemental* rather than an amended complaint and plaintiffs need leave of court to file this pleading. Doc. 33, att. 1, p. 1. Plaintiffs oppose the motion arguing that leave is not required because the First Amended Class Action Complaint is a proper amendment under Rule 15(a)(1)(B). Doc. 38, p. 3.

Under the Federal Rules of Civil Procedure, amended pleadings are allowed once as a matter of course 21 days after service or "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e) or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1)(A)(B). Supplemental pleadings, however, may only be submitted "[o]n motion and reasonable notice." Fed. R. Civ. P. 15(d). "The distinction between supplemental pleadings and amended pleadings is more than one

of mere nomenclature." *US ex rel. Kinney v. Stoltz*, 2002 WL 523869, at *3 (D. Minn. Apr. 5, 2002). "[T]he important distinction between amended and supplemental pleadings is when the events pleaded occurred." *Dean v. Ford Motor Credit Co.*, 885 F.2d 300, 302 (5th Cir. 1989). Amended pleadings relate to events that occurred before a pleading is filed, supplemental pleadings relate to events that occurred after. *Id.* (citing 6C. Wright & A. Miller, Fed. Prac. & Proc. Civ. § 1504 (3rd ed.)).

On July 22, 2019, before filing its answer to Bobby's initial complaint, Waitr filed a Motion to Dismiss pursuant to Rule 12(b)(6). Doc. 15. On August 12, 2019, plaintiffs filed a First Amended Class Action Complaint. Doc. 30. Under the plain language of Rule 15(a)(1)(B) and Rule 15(d), although Bobby's was permitted to amend its pleading in response to Waitr's motion to dismiss as a matter of course, it needed leave of court to file a supplemental complaint.

The First Amended Class Action Complaint clearly contains allegations based upon conduct that occurred prior to the filing of Bobby's initial complaint on April 30, 2019. *See, e.g.,* Doc. 30, p. 13. However, the First Amended Class Action Complaint also contains allegations that relate to events that occurred after April 30, 2019. Specifically, plaintiffs claim Waitr engaged in "unlawful conduct" on July 1, 2019 when it allegedly notified its restaurant customers that all active agreements were being terminated and replaced with new agreements. Doc. 30, p. 2, 10, 14. The First Amended Class Action Complaint proposes a new class based on these allegations which includes "[a]ll persons or entities . . . who received notification in July 2019 that Waitr, Inc. was terminating there existing agreement effective August 1, 2019 . . ." *Id.* at 5. Accordingly, the First Amended Class Action Complaint is properly characterized as an amended *and* supplemental pleading.

Having properly characterized the pleading, we must now determine how to dispose of the motion to strike. Plaintiffs argues that even if the First Amended Class Action Complaint is a supplemental pleading, they were required to file the supplemental pleading to avoid claim preclusion. Doc. 38, p. 5-6. Alternatively, they argue that striking the pleading would be judicially inefficient and contrary to the mandate of the Federal Rules "to secure the just, speedy and inexpensive determination of every action." *Id.* at 6 (citing Fed. R. Civ. P. Rule 1). Waitr disagrees and maintains that plaintiffs' First Amended Class Action Complaint was filed without leave of court and argues we should strike the complaint because allowing such a pleading would prejudice Waitr by depriving it of the opportunity to oppose the filing. Doc. 33, att. 1, pp. 4-5.

Waitr is correct. Rule 12(d) requires "motion and reasonable notice" to file a supplemental pleading. For this reason, we will grant the motion to strike. However, we do so with the caveat that plaintiffs may seek leave to refile its amended and supplemental complaint which, if opposed, will be set for briefing on the merits.

### III.
#### CONCLUSION

For the reasons stated, the Motion to Strike [doc. 33] filed by Waitr is **GRANTED** without prejudice to plaintiffs seeking leave to refile its amended and supplemental complaint.

THUS DONE AND SIGNED in Chambers this 7th day of January, 2020.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE