UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | |
|---|---|
| **BOBBYS COUNTRY COOKIN, LLC** | **CIVIL ACTION NO.  2:19-CV-0552** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **WAITR HOLDINGS, INC.** | **MAG. JUDGE KATHLEEN KAY** |

### MEMORANDUM RULING

Before the Court is a Motion for Denial or Deferral of Consideration of Motion for Summary Judgment Pursuant to Federal Rule of Civil Procedure 56(d) [Doc. No. 77] ("Motion for Denial or Deferral") filed by Plaintiff Bobby's Country Cookin, LLC ("Bobby's") in reference to a Motion for Partial Summary Judgment [Doc. No. 64] filed by Defendant Waitr Holdings, Inc. ("Waitr").

An Opposition [Doc. No. 85] was filed by Waitr on January 26, 2021.  A Reply [Doc. No. 95] was filed by Bobby's on February 2, 2021.

For the reasons set forth herein, Bobby's Motion for Denial or Deferral is GRANTED.

**A.     Background**

On April 30, 2019, Bobby's filed a Class Action Complaint [Doc. No. 1], individually, and on behalf of all persons or entities nationwide who are similarly situated.  The crux of Bobby's Complaint is as a result of Waitr raising the Service Transaction Fee ("STF") it charges to restaurants on Waitr's online ordering platform from 10% to 15%.

A First Amended Complaint [Doc. No. 48] was filed adding Casa Manana, Inc. Que Pasa Taqueria, LLC, and Casa Tu Sulphur, LLC, as additional plaintiffs.

On December 14, 2020, Waitr filed a Motion for Partial Summary Judgment [Doc. No. 64] seeking dismissal of Plaintiffs' claims with regard to the STF increases. Although Plaintiffs filed an Opposition [Doc. No. 78] to Waitr's motion, Bobby's also filed the pending Motion for Denial or Referral [Doc. No. 77], arguing that it was not allowed discovery by Waitr, and requesting denial or deferral of Waitr's motion until after Bobby's is able to complete the discovery.

The question before this Court is whether to deny or dismiss Waitr's Motion for Partial Summary Judgment in accordance with Federal Rule of Civil Procedure 56(d).

**B.    Law and Analysis**

Federal Rule of Civil Procedure 56(d) provides for the denial or the continuance of motions for summary judgment when sufficient discovery has not occurred.

> **(d)  When Facts Are Unavailable to the Nonmovant.**  If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
>
>   (1)  defer considering the motion or deny it.
>   (2)  allow time to obtain affidavits or declarations or to take discovery; or
>   (3)  issue any other appropriate order

Under this Rule, motions for summary judgment must be "refused where the nonmoving party has not had the opportunity to discover information that is essential to its opposition." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250. n 5 (1986).  To justify a denial or continuance under Rule 56(d), the party requesting a denial or continuance must submit a declaration or affidavit demonstrating why the party needs additional discovery and how the discovery will likely create a genuine issue of material fact. *Stearns v. Airport Equipment Co., Inc. v. FMC Corp.,* 170 F.3d 518, 535 (5th Cir. 1999).

The Declaration of Nicholas W. Armstrong [Doc. No. 77, Exh. 4], Counsel for Plaintiffs, states it is necessary for Plaintiffs to take the deposition of Tyson Queen, Brad Ragasa, Laura

Vaughn and Mark Killebrew. Armstrong maintains that these witnesses have information regarding the creation, calculation, and implementation of STF increases. Armstrong further declares that Waitr intends to limit the depositions to non-merits issues.

Additionally, Armstrong declares Plaintiffs have requested, through discovery [Doc. No. 72], documents and information regarding the creation, calculation, and implementation of the STF increases.

In its Opposition [Doc. No. 85], Waitr argues that Bobby's failed to establish any ground to support their request by identifying the specific documents and testimony that would influence the outcome of Waitr's Motion for Partial Summary Judgment. Waitr further maintains Plaintiffs acquiesced in the STF increase and none of the additional discovery requested will result in facts needed to counter Waitr's motion.

Summary judgment is usually premature unless parties have had a full opportunity to conduct discovery. *Reeves v. Mancuso*, 2019 WL 4302129 (W.D. La. Sept. 10, 2019). Rule 56(d) is designed to safeguard non-moving parties from summary judgment motions that they cannot adequately oppose. They are also broadly favored and should be liberally granted. *Raby v. Livingston*, 600 F.3d 552 (5th Cir. 2010).

This Court believes Plaintiffs should be allowed additional time to conduct discovery. Plaintiffs should be allowed to take the depositions of the four persons listed and to obtain documents required through the discovery process. The depositions taken should be allowed as to any facts necessary to allow Bobby's to oppose Waitr's motion.

Therefore, the time for the Plaintiffs to respond to Waitr's Motion for Partial Summary Judgment [Doc. No. 64] shall be extended until May 3, 2021. Waitr shall have 7 days to Reply to Bobby's response within 7 days of filing of Bobby's response.

Monroe, Louisiana, this 3rd day of February, 2021.

_____
**TERRY A. DOUGHTY**
**UNITED STATES DISTRICT JUDGE**