UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| BOBBY'S COUNTRY COOKIN, LLC, ET AL. | : | CIVIL ACTION NO. 19-cv-0552 |
| VERSUS | : | JUDGE TERRY A. DOUGHTY |
| WAITR HOLDINGS, INC. | : | MAGISTRATE JUDGE KAY |

## SUPPLEMENTAL RULING

Before this court is a Motion to Compel filed by defendant Waitr Holdings, Inc., [doc. 68] and Motion to Compel filed by plaintiffs Bobby's Country Cookin, LLC, et al. Doc. 72. Hearing was held July 13, 2021 at which time the undersigned ruled on several of the items at issue. Doc. 116.

At conclusion of the trial, counsel was asked to brief the court on whether information sought through Requests for Production 17-21, 25-30, and 33-34 submitted by plaintiffs in their motion would remain germane should the court grant defendant's Motion for Summary Judgment presently pending before the district judge. Doc. 64. Through the motion for partial summary judgment, Waitr seeks dismissal of Counts I, II, and III of plaintiffs' claims for breach of contract, bad faith breach of contract, and unjust enrichment, all of which claims relate to Waitr's having raised its Service Transaction Fees ("STFs") with plaintiffs and others similarly situated. *Id*. Each side has presented its supplemental memorandum. Docs. 117 and 118.

At oral argument given at the hearing on the motions, counsel for plaintiffs stated that these Requests for Production "all go to Waitr's decision – the thought process, the decision, the factors, the considerations, the process that was gone through to pass through this [STF fee] which we

allege was in breach of the agreement." Doc. 123, p. 63. Waitr takes the position that the information responsive to these requests would go to the issue of whether Waitr acted in bad faith when it made its decision to increase the STF. Doc. 117, p. 3. If, however, Waitr were to prevail on its claim (currently under consideration by the district court) that there was no breach of contract then certainly there could be no claim for bad faith breach of contract and it would be that claim to which this information would pertain. *Id.*

In their supplemental briefing plaintiffs argue that "many of the Requests at issue directly relate to claims that are not the subject of Waitr's Motion" and that the information "would, at a minimum, remain relevant to Plaintiffs' claim regardless of the Court's ruling on Waitr's Motion." Doc. 118, p. 2. Plaintiffs fail to cogently argue how this is true, however. They point out (correctly) that Waitr's current motion relates only to the claims involving the STFs and not the claims related to amended Master Services Agreements ("MSAs"). *Id.* But, despite having stated at oral argument that these requests pertain strictly to the increases in the STFs, they now argue in brief (in a very circular manner) that somehow now this information is relevant to the remaining claims but never adequately set forth how.

Because none of this information sought would assist plaintiffs in defending the claims currently before the district court and because Waitr would be spared the burden of production of this information if it prevails on its motion, then we conclude that Waitr need not respond to the requested items until the court has ruled.

THUS DONE AND SIGNED in Chambers this 23rd day of August, 2021.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE