**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAKE CHARLES DIVISION**

| | |
|---|---|
| **BOBBY'S COUNTRY COOKIN', LLC** | **CIVIL ACTION NO. 2:19-CV-00552** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **WAITR HOLDINGS, INC.** | **MAG. JUDGE KATHLEEN KAY** |

**MEMORANDUM RULING**

Before the Court is a Motion for Partial Summary Judgment [Doc. No. 64] filed by Defendant Waitr Holdings, Inc. ("Waitr"). An Opposition [Doc. No. 143] was filed by Plaintiffs Bobby's Country Cookin', LLC ("Bobby's"), Casa Manana, Inc. ("Casa Manana"), Que Pasa Taqueria, LLC ("Que Pasa"), and Casa Tu Sulphur, LLC ("Casa Tu"), (collectively, "Plaintiffs") on September 15, 2021. A Reply [Doc. No. 146] was filed by Waitr on September 22, 2021.

For the reasons set forth herein, Waitr's Motion for Partial Summary Judgment [Doc. No. 64] is GRANTED IN PART and DENIED IN PART.

**I.  BACKGROUND**

On April 30, 2019, Bobby's filed a Class Action Complaint [Doc. No. 1] individually, and on behalf of all persons or entities nationwide who are similarly situated. Bobby's Complaint alleged breach of contract (Count I), violation of the duty of good faith and fair dealing in the breach of contract (Count II); and unjust enrichment (Count III).

Waitr operates an online food and delivery platform contracting with restaurant partners to be part of its network of restaurants from which customers place orders for delivery of food. Waitr' drivers pick up orders from a restaurant partner and deliver it to the customer. The

customer's payment is then processed through an online payment system that automatically pays the restaurant and remits a STF to Waitr.[1]

Bobby's entered into a Master Service Agreement ("MSA") with Waitr on July 27, 2017. The STF was 10% of the transaction amount. The STF was increased by Waitr to 15% on August 13, 2018.[2]

Casa Manana entered into a Subscription Service Agreement ("SSA") with Waitr on October 15, 2015. The STF was initially 3.5%, but was increased by Waitr on November 1, 2017 to 15%, and increased again on June 20, 2020 to 25%.[3]

Que Pasa entered into a SSA with Waitr on February 10, 2016. The STF was initially 3.5%, but was increased by Waitr on November 1, 2017 to 15%, and increased again on June 24, 2020 to 25%.[4]

Casa Tu entered into a SSA with Waitr on February 10, 2016. The STF was initially 3.5%, but was increased by Waitr on November 1, 2017 to 15%, and increased again on October 12, 2019 to 20%.[5]

Beginning in the fall of 2017, Waitr sent written notification to Plaintiffs of their intention to increase the STF to 15%. Written notification sent to Bobby's, Casa Manana, Que Pasa, and Casa Tu, and are attached to the Declaration of Mark Killebrew [Doc. No. 64-2, Tabs E & F].

---

[1] Declaration of Mark Killebrew [Doc. No. 64-2, Para. 4-7].
[2] Declaration of Mark Killebrew [Doc. No. 64-2, Tab A & G].
[3] Declaration of Mark Killebrew [Doc. No. 64-2, Tab B & H].
[4] Declaration of Mark Killebrew [Doc. No. 64-2, Tab D & J].
[5] Declaration of Mark Killebrew [Doc. No. 64-2, Tab C & I].

On March 19, 2020, a First Amended and Supplemental Class Action Complaint [Doc. No. 48] was filed by Bobby's, which added Casa Manana, Que Pasa and Casa Tu. In this amended complaint, Plaintiffs proposed two classes: (1) The Service Transaction Fee Increase Class, and (2) The Agreement Termination Class. In addition to the previous three counts, Plaintiffs added Count IV and Count V, alleging breach of duty and good faith and unjust enrichment on behalf of The Agreement Termination Class.[6]

The pending Motion for Partial Summary Judgment [Doc. No. 64] addresses the claims against Waitr on behalf of The Service Transaction Fee Increase Class.[7]

## II.     LAW AND ANALYSIS

Count I (breach of contract), Count II (bad faith breach of contract), and Count III (unjust enrichment) are at issue in this Motion for Partial Summary Judgment regarding The Service Transaction Fee ("STF") Increase Class.

### A.     Standard of Review

Summary judgment is appropriate when the evidence before a court shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A fact is "material" if proof of its existence or nonexistence would affect the outcome of the lawsuit under applicable law in the case. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). A dispute about a material fact is "genuine" if the evidence is such that a reasonable fact finder could render a verdict for the nonmoving party. *Id.*

"[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the

---

[6] Count I, II and III relate to The Service Transaction Fee Increase Class.

[7] Another Motion for Partial Summary Judgment [Doc. No. 121] addresses The Agreement Termination Class.

pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting *Anderson*, 477 U.S. at 247). "The moving party may meet its burden to demonstrate the absence of a genuine issue of material fact by pointing out that the record contains no support for the non-moving party's claim." *Stahl v. Novartis Pharm. Corp.,* 283 F.3d 254, 263 (5th Cir. 2002). Thereafter, if the non-movant is unable to identify anything in the record to support its claim, summary judgment is appropriate. *Id.* "The court need consider only the cited materials, but it may consider other materials in the record." Fed. R. Civ. P. 56(c)(3).

In evaluating a motion for summary judgment, courts "may not make credibility determinations or weigh the evidence" and "must resolve all ambiguities and draw all permissible inferences in favor of the non-moving party." *Total E & P USA Inc. v. Kerr–McGee Oil and Gas Corp.*, 711 F.3d 424, 434 (5th Cir. 2013) (citations omitted). While courts will "resolve factual controversies in favor of the nonmoving party," an actual controversy exists only "when both parties have submitted evidence of contradictory facts." *Little v. Liquid Air. Corp.,* 37 F.3d 1069, 1075 (5th Cir. 1994). To rebut a properly supported motion for summary judgment, the opposing party must show, with "significant probative evidence," that a genuine issue of material fact exists. *Hamilton v. Segue Software, Inc*., 232 F.3d 473, 477 (5th Cir. 2000) (emphasis added). "'If the evidence is merely colorable, or is not significantly probative,' summary judgment is appropriate." *Cutting Underwater Techs. USA, Inc. v. Eni U.S. Operating Co*., 671 F.3d 512, 517 (5th Cir. 2012) (quoting *Anderson,* 477 U.S. at 248).

Relatedly, there can be no genuine dispute as to a material fact when a party fails "to make a showing sufficient to establish the existence of an element essential to that party's case,

and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett,* 477 U.S. at 322-23.  This is true "since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id*. at 323.

### B. Breach of Contract

Waitr maintains that after the STF increase notifications were sent to Plaintiffs, none of the Plaintiffs raised an objection until the Class Action Complaint was filed on April 30, 2018. Waitr argues that Bobby's continued receiving and fulfilling orders through the Waitr platform with 15% STF through June 25, 2019.  Waitr also maintains that Casa Manana, Casa Tu and Que Pasa continued to accept and fulfill orders from Waitr's food platform until July 19, 2019.[8] Waitr therefore argues that due to Plaintiffs' silence and acquiescence after being notified of the STF increase, Plaintiffs agreed to the increased STF and are estopped from alleging breach of contract.

According to the arguments of Plaintiffs, the specific language of the MSA and the SSAs required a modification of the agreement to be in writing and signed by both parties.  Since this did not occur, Plaintiffs argue that their agreements with Waitr were not modified by Waitr's Written Notification to Plaintiffs.

Bobby's signed a MSA with Waitr, which had the following pertinent language:

> **Entire Agreement & Changes**.  This Agreement and the Order or exhibits hereto constitute the entire Agreement between the parties, and supersedes any prior or contemporaneous negotiations or agreements, whether oral or written, related to this subject matter.  Customer is not relying on any representation concerning this subject matter, oral or written, not included in this Agreement.  No representation, promise, or inducement not included in this Agreement is binding.  No modification of this Agreement is effective unless in writing and signed by an authorized representative of each party, and no waiver is effective unless the party waiving the right signs a waiver in writing.  Nothing in this

---

[8] Declaration of Mark Killebrew [Doc. No. 64-2, Para. 13-25].

> Agreement, express or implied, is intended to confer or shall be deemed to confer upon any persons or entities not parties to this Agreement, any rights or remedies under or by reason of this Agreement.

Casa Manana, Casa Tu and Que Pasa signed an SSA with Waitr, which contained the following pertinent language:

> **Entire Agreement and Changes.**  This agreement and the order constitute the entire agreement between the parties and supersede any prior or contemporaneous negotiations or agreements, whether oral or written, related to this subject matter.  Customer is not relying on any representation concerning this subject matter, oral or written, not included in this agreement.  No representation promise or inducement not included in this agreement is binding.  No modification of this agreement is effective unless both parties sign it, and no waiver is effective unless the party waiving the right signs a waiver in writing.

It is uncontested that no written modification to the STF was signed by any of the Plaintiffs.  In each case, Waitr sent out a written notice unilaterally telling Plaintiffs of the STF increase.  It is also uncontested that the language in the MSA and in the SSAs specifically states that no modification or waiver of anything in the agreement is effective unless in writing and signed by both parties.

Therefore, the issue is whether a contract which requires written modification signed by all parties can be modified by silence or acquiescence on the part of one of the parties.  This Court finds it cannot.

The MSA and SSAs both contain a "merger clause" and an "integration clause."  An "integration clause" reflects the parties' intent for the written document to supersede all prior agreements and discussions.  A "merger clause" precludes evidence of any agreements made outside of the written contract, unless the modification is put in writing and signed by both parties.[9]  Together, the two clauses prohibit modification of the contract both before and after the

---

[9] *Water Craft Management, LLC v. Mercury Marine*, 361 F. Supp. 2d 518, at 531, 552 (M.D. La. August 12, 2004).

contract is executed. Parol evidence is not allowed to prove the existence of a modification by oral agreement, or by acquiescence if the language of the contract is clear and unambiguous.

Louisiana law bars parol evidence to evaluate contractual intent when the words of a contract are clear and explicit and lead to no absurd consequences. However, Louisiana law does allow parol evidence to be admitted when the written agreement is manifestly incomplete and not intended to constitute the entire agreement between the parties. By its very definition, an integration or merger clause negates the legal introduction of parol evidence. *Condrey v. Sun Trust Bank of Ga.*, 429 F.3d 556, 563 (5th Cir. 2005); *Chevron TCI, Inc. v. Capitol House Hotel Manager, LLC*, 2021 WL 1828115 (M.D. La. May 7, 2021).

Numerous other Louisiana and federal court cases have found that a contract that contains an integration or merger clause cannot be amended orally, or by acquiescence. *Taita Chemical Co., Ltd. v. Westlake Styrene Corp.,* 246 F.3d 377 (5th Cir. 2001); *Water Craft Management, LLC v. Mercury Marine*, 361 F. Supp. 2d 518 (M.D. La. August 12, 2004); *Chevron TCI, Inc. v. Capitol House Hotel Manager, LLC*, 2021 WL 1828115 (M.D. La. May 7, 2021); *Chrysler Financial Corp. v. Zupanovic,* 735 So.2d 60 (La. App. 4th Cir. 1999); *Omnitech International, Inc. v. Clorox Co.,* 11 F.3d 1316 (5th Cir. 1994); *Medtron Software Intelligence Corp. v. Metairie Gastroenterology, APMC,* 278 So. 3d 1016 (La. App. 1st Cir. 2019); *Victus 1 Inc. v. Stocky's World Famous Pizza # 14*, Inc., 256 So. 3d 1146 (La. App. 2nd Cir. 2018); *Firesheets v. A.G. Building Specialists, Inc.*, 134 F.3d 729 (5th Cir. 1998); and *Drs. Bethea, Moustoukas and Weaver, LLC v. St. Paul Guardian Ins. Co.,* 376 F.3d 399 (5th Cir. 2004).

In its Reply, Waitr argues that it is not attempting to prove an "oral modification,"[10] but "acquiescence." Waitr argues that acquiescence can be shown to modify the contract, even if the

---

[10] Which Waitr refers to a Plaintiff's "baseless" argument.

contract contains an integration or merger clause. Specifically, Waitr argues that after sending the notice to Plaintiffs, they continued to conduct business with Waitr, continued to take orders and paid the increased STF, which modified the contract.

Waitr is in effect arguing that a contract that can only be modified in writing cannot be modified orally but can be modified by silence. This Court disagrees. The wording of the contracts is clear and unambiguous. The contract requires a writing signed by both parties to amend it. The contracts cannot be amended orally or by silence.

Waitr, also argues that Plaintiffs' argument of a "construction change order doctrine,"[11] does not exist. However, most of the cases cited by Waitr either had no merger clause, or were construction change orders. In *Hale v. MJJK, LLC, 2014 WL 2429376 (E.D. La. May 29, 2014)* and *Taita Chemical Company, Ltd. v. Westlake Styrene Corp.*, 246 F.3d 377 (5th Cir. 2001), no merger clause existed in the contract. In *Fleming v. J.E. Merit. Constructors, Inc., 985 So.2d 141, (La. App. 1st Cir. 2008)*, *Cajun Constructors, Inc. v. Fleming Const. Co.,* 951 So.2d 208 (La. App. 1st Cir. 2006), *Aqua Pool Renovations, Inc. v. Paradise Manor Community Club, Inc.*, 880 So. 2d 875 (La. App. 5th Cir. 2004), *Lantech Construction Co., LLC v. Speed*, 15 So.3d 289 (La. App. 5th Cir. 2009), and *Driver Pipeline Co., Inc. v. Cadeville Gas Storage, LLC,* 150 So.3d 492 (La. App. 2d Cir. 2014), all involved construction contracts with an oral change order.

In *Wechem, Inc. v. Evans,* 274 So.3d 877 (La. App. 5th Cir. 2019)*,* the court found emails transmitted fulfilled the contractual requirement of a writing signed by the defendant, so there was no specific holding that the contract was modified by acquiescence.

The only case cited by Waitr that actually warrants discussion is *Illinois Central Gulf Railroad Company v. International Harvester Company*, 368 So.2d 1009 (La. 1979). In this

---

[11] Which allows construction change orders to be conducted orally in contracts with a merger clause.

case, the Supreme Court of Louisiana found a lease, which required written consent to a sublease, was not amended by Illinois' Central Gulf's knowledge of the sublease, and acceptance of rent payments for months after acquiring that knowledge. There was no merger clause in this contract, only a requirement that consent to sublease be in writing.

Even if Waitr is correct that a written contract with a merger clause can be amended by silence and/or acquiescence, there is still a material issue of fact as to whether there was any intent by Plaintiffs to modify the contracts by silence. Although Plaintiffs do not contest the fact that they continued to use Waitr and to pay the increased STF, they certainly do not admit that they had any intent to modify or amend the contracts.

Therefore, Plaintiffs' argument that parol evidence cannot be admitted to modify a contract that has an integration clause and a merger clause, has merit. Waitr will not be allowed to introduce evidence of any modification of the contracts by silence, oral agreement, or acquiescence. Waitr's Motion for Partial Summary Judgment is DENIED as to Count I and II.

### C. Unjust Enrichment

In Count III, Plaintiffs claim unjust enrichment. Waitr is entitled to summary judgment on Count III because the availability of another remedy at law (the existence of contracts) bars the claim. One of the required elements of a claim for unjust enrichment is that the plaintiff does not have any other remedy at law. *Zaveri v. Condor Petroleum Corp.*, 27 F. Supp 3d 695, 699 (W.D. La. 2014); and *Walters v. MedSouth Record Management, LLC*, 38 So. 3d 241, 242 (La. 2010) (*per curiam*).

### III. CONCLUSION

For the reasons set forth herein, Waitr's Motion for Partial Summary Judgment [Doc. No. 64] is GRANTED IN PART and DENIED IN PART.

The Motion is DENIED as to Count I and Count II and is GRANTED as to Count III.

MONROE, LOUISIANA this 24th day of September 2021.

                                              TERRY A. DOUGHTY
                                              UNITED STATES DISTRICT JUDGE