UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

**BOBBYS COUNTRY COOKIN, LLC**          **CIVIL ACTION NO.  2:19-CV-0552**

**VERSUS**                              **JUDGE TERRY A. DOUGHTY**

**WAITR HOLDINGS, INC.**                **MAG. JUDGE KATHLEEN KAY**

## MEMORANDUM ORDER

Pending before the Court is a Motion to Enforce Settlement [Doc. No. 172] filed by Defendant Waitr Holdings, Inc. ("Waitr").  An Opposition [Doc. No. 178] was filed by Plaintiffs Bobby's Country Cookin', LLC ("Bobby's"), Casa Manana, Inc. ("Casa Manana"), Que Pasa Taqueria, LLC ("Que Pasa"), and Casa Tu Sulphur, LLC ("Casa Tu"), (collectively, "Plaintiffs") on April 6, 2022.  A Reply [Doc. No. 180] was filed by Waitr on April 13, 2022.

For the reasons set forth herein, Waitr's Motion to Enforce Settlement is DENIED.

**I.     BACKGROUND**

On April 30, 2019, Bobby's filed a Class Action Complaint [Doc. No. 1] individually, and on behalf of all persons or entities nationwide who are similarly situated.  Bobby's Complaint alleged breach of contract (Count I), violation of the duty of good faith and fair dealing in the breach of contract (Count II); and unjust enrichment (Count III).

Waitr operates an online food and delivery platform contracting with restaurant partners to be part of its network of restaurants from which customers place orders for delivery of food.  Waitr' drivers pick up orders from a restaurant partner and deliver it to the customer.  The customer's payment is then processed through an online payment system that automatically pays the restaurant and remits the service transaction fee ("STF") to Waitr.

Beginning in the fall of 2017, Waitr sent written notification to Plaintiffs of their intention to increase the STF to 15%.  Plaintiffs do not agree with the increase of the STF and filed the pending Class Action Complaint.

On March 19, 2020, a First Amended and Supplemental Class Action Complaint [Doc. No. 48] was filed by Bobby's, which added Casa Manana, Que Pasa, and Casa Tu.  In this amended complaint, Plaintiffs proposed two classes: (1) The Service Transaction Fee Increase Class, and (2) The Agreement Termination Class.  In addition to the previous three counts, Plaintiffs added Count IV and Count V, alleging breach of duty and good faith and unjust enrichment on behalf of The Agreement Termination Class.[1]

Waitr and Plaintiffs engaged in mediation and appeared to have agreed to a settlement in this matter on January 28, 2022.  At issue in Waitr's Motion to Enforce Settlement is whether the parties agreed to a binding settlement through a series of emails.  The parties have attempted to put into writing a Class Action Settlement Agreement and Release but have been unable to do so. The key issue is the amount and/or value of the settlement fund.

On January 28, 2022, at approximately 11:58 AM, Waitr sent an email letter to Plaintiffs[2] which summarized the points of agreement.  The letter stated that the parties agreed to a total settlement fund of $2.5 million, subject to court approval, to be funded through the issuance of Waitr shares of common stock.

After that, at approximately 12:30 PM, Plaintiffs responded as follows:

> Thanks Erin.  All this is correct, but, as I've mentioned, it is very important to Plaintiffs that there be a mechanism by which they can receive a check, rather than shares, as we've discussed.  I know that will involve a third party – which we're exploring and would like to work with you on – but in a material term obviously of the eventual settlement

---

[1] Count I, II and III relate to The Service Transaction Fee Increase Class.
[2] [Doc. No. 172-2, pp. 2-4].

> agreement. The formula for payment and the notice documents are also material as well.
>
> I'm happy for us to try to include all that in a term sheet, but it may be quicker to work through them in the settlement agreement drafts.[3]

On January 28, at 2:35 PM, Waitr responded as follows:

> We appreciate that plaintiffs want to put this mechanism in place and, as we have previously expressed to you, Waitr is willing to work with plaintiffs on the process and believe that there is a path forward. However, to be clear, we ultimately regard the responsibility for this option to be plaintiff's obligation. If plaintiffs ultimately determine that the process is not feasible (in your discretion), we would not consider that as precluding the settlement from moving forward.
>
> With respect to the formula and the notice process, we would obviously need to reach agreement on those items prior to submission to the Court but understand that we were all committed to working together to do so.
>
> We do intend to start fleshing out the terms of the settlement agreement in short order.[4]

At approximately 2:39 PM on January 28, 2022, Plaintiffs responded:

> Thanks Erin, I agree, let's move forward with the settlement agreement and we can figure out those terms cooperatively as we do so. I don't know that we agree we can move forward with a settlement without us figuring out the remaining terms, I'm confident we can do so together and so it won't be an issue.[5]

Unfortunately, since January 28, 2022, the price of Waitr common stock has dropped substantially. Waitr maintains that the above emails constituted an agreement. Waitr states the parties were able to resolve the issues that Plaintiffs discussed (mechanism to sell the shares, formula to determine the individual settlement awards, and property Notices to class members), and that Plaintiffs were aware of the potential for price fluctuation in stock shares and that Waitr ultimately raised its settlement offer to $2.5 million in shares to alleviate Plaintiffs' concern.

---

[3] [Doc. No. 172-3, p. 3]
[4] [Doc. No. 172-3, p.2].
[5] [Doc. No. 172-3, p.2].

Evidently, Waitr wants to use the values of shares as of January 28, 2022, rather than today's value.

On the other hand, Plaintiffs argue that although the parties agreed to a settlement fund of $2.5 million, to be funded by Waitr stock, the pricing mechanism proposed by Waitr has never been accepted due to the volatility of Waitr stock. Waitr proposed the three-day low before the calculation is used to determine how many shares will be transferred six days later. Plaintiffs argue Waitr's stock price has dropped over 87% in the past year and over 60% in the last six months and that under Waitr's proposal, class members would receive substantially less than agreed.

## II.     Law and Analysis

Pursuant to Louisiana Civil Code Article 3072, a compromise shall be made in writing or recited in open court. Although La. Civ. Code Article 3072 "writing requirement" can be satisfied by the exchange of emails,[6] it is obvious to this Court that essential terms of the settlement were not agreed to by those emails. The pricing mechanism to be used (which would ultimately determine how much each plaintiff receives) is essential. Additionally, it is obvious to this Court that both parties intended all terms of the settlement be put into a settlement agreement.

Further, this is a Class Action lawsuit that must be court approved. This Court would likely not approve this settlement unless there is complete agreement to all terms, including the pricing mechanism.

## III.    CONCLUSION

For the reasons set forth herein,

---

[6] *Preston Law Firm, LLC v. Mariner Health Care Mgmt. Co.*, 622 F.3d 384, 390 (5th Cir. 2010).

IT IS ORDERED that Defendant Waitr Holdings, Inc.'s Motion to Enforce Settlement [Doc. No. 172] is DENIED.

Monroe, Louisiana, this 5th day of May 2022.

_____
**TERRY A. DOUGHTY**
**UNITED STATES DISTRICT JUDGE**